MONTEUX, APPELLANT, *v.* MONTEUX, APPELLEE.

(No. 7992—Decided January 11, 1966.)

*Mr. John W. Leibold*, for appellant.
*Mr. William L. Johncox*, for appellee.

BRYANT, P. J.   On November 4, 1964, the mother, who has remarried and whose married name is now Peake, filed three suits on behalf of the three children in the Probate Court of Franklin County, seeking to add the name "Peake" to that of each child.   The natural father, defendant, appellee herein, filed a motion in the divorce proceeding asking the Common Pleas Court to enjoin the children's natural mother, plaintiff, appellant herein, from further prosecuting the action in the Probate Court.

The Common Pleas Court granted the order prayed for on the theory, as we understand it, that its continuing jurisdiction includes the power to make such an order.   From that order, Mrs. Monteux (Peake) has appealed assigning the judgment of the Common Pleas Court as error.

Proceedings to obtain a legal change of name are governed by Section 2717.01 of the Revised Code.   This section formerly conferred jurisdiction over such proceedings on both the Court of Common Pleas and the Probate Court.   It was amended effective September 24, 1963, in two important particulars (130 Ohio Laws 657, 1449).

In the first place, all jurisdiction over such proceedings was taken away from the Court of Common Pleas, but jurisdiction formerly vested in the Probate Court was retained by the amendment.

In the second place, a new paragraph was added at the end of Section 2717.01 of the Revised Code specifically requiring

that in any application for a change of name involving a minor child the consent of both living legal parents of the minor shall be filed in the proceeding in Probate Court or a hearing shall be held in such court and any such parent not consenting shall be given notice of the hearing, thereby spelling out in detail the procedure in such cases involving minors and in our opinion removing all doubt as to the jurisdiction of the Probate Court in all such cases, except where children are wards of another court.

In this case, the proceedings in the Common Pleas Court consisted of an uncontested action for divorce, the granting of a divorce decree to the mother, which approved and incorporated a separation agreement by which custody of the minor children was given to the mother, the father was ordered to pay for the support of the children, and other property questions were thereby settled.

Under such circumstances, we do not believe that the minor children, without further proceedings or change of circumstances legally determined, were thereby wards of the Common Pleas Court or that under such circumstances the Common Pleas Court was authorized or empowered to grant an injunction against the mother restraining her from taking further steps in the proceeding in the Probate Court to obtain a change of name for the minor children.

For the reasons above set forth, we are of the opinion that the three assignments of error of plaintiff, appellant herein, are well taken, must be sustained, the judgment of the court below reversed and the cause remanded with direction to dismiss the injunction heretofore granted enjoining plaintiff from prosecuting the change-of-name proceedings in the Probate Court.

*Judgment reversed.*

Duffy and Duffey, JJ., concur.